No. 26092

**Donald T. Rosenfeld and Robert T. Rosenfeld v.
City of Boulder, a Municipal Corporation**
(529 P.2d 316)

Decided December 16, 1974.

Rothgerber, Appel & Powers, Norman R. Helwig, for plaintiffs-appellants.

Walter L. Wagenhals, City Attorney, Richard D. Lynton, Assistant, for defendant-appellee.

*En Banc.*

MR. JUSTICE DAY delivered the opinion of the Court.

Plaintiffs-Appellants — the Rosenfelds — brought suit to recover an alleged excess payment of water plant investment fees assessed against certain applicants desiring Boulder city water. They contested as invalid an ordinance increasing the fees. From a judgment in favor of Boulder dismissing the claim the Rosenfelds appealed. They come directly to this Court challenging the constitutionality of a Boulder charter provision allowing publication of an ordinance by reference only. Upon argument it was determined that no constitutional issue was involved. We affirm the trial court.

■ The sole issue presented is whether an erroneous effective date of the fee increase in a full publication of the ordinance after its passage on first reading invalidated the ordinance. We hold that it did not.

Two provisions of the Boulder city charter — which we find are not in conflict and which can be read in *para materia* — provide flexibility for selecting methods of publication. The ordi-

nance can be published in full or by title only with a reference to the place where the full ordinance is available for public inspection. Boulder did both in this case. The ordinance was passed on two readings by the City Council and stated the effective date of the fee increase to be October 15, 1968. The full publication wrongly stated the effective date to be November 15. The day after final passage, a second publication by title only referred to the ordinance as being in the City Clerk's Office where the dates were readily ascertainable if the ordinance was inspected. The Rosenfelds had not seen the publication and did not rely on the November 15 date. The change in fees was by law effective on October 15, and the Rosenfelds paid the new scheduled fee on November 1. The fee was legally changed and properly paid and no refund is due.

The judgment is affirmed.